# United States Court of Appeals
## For the First Circuit

No. 03-2138

UNITED STATES OF AMERICA,

Appellee,

v.

PATRICK V.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George S. Singal, <u>U.S. District Judge</u>]

Before

Howard, <u>Circuit Judge</u>,
Coffin and Campbell, <u>Senior Circuit Judges</u>.

<u>Robert E. Mongue</u> on brief for appellant.

July 1, 2004

**COFFIN**, <u>Senior Circuit Judge</u>.  At the earlier stage of our appellate consideration of this case, we concluded that neither we nor the district court had before us sufficient information about where Patrick V. would serve his detention time, and the nature of the services such facility offered - facts which we thought were relevant to the district court's disposition.  So we remanded the case for completion of the record "as to the location of the facility of detention, its policies, programs and resources." <u>United</u> <u>States</u> v. <u>Patrick V</u>., 359 F.3d 3, 13 (1st Cir. 2004).  We gave both the court and the parties a difficult task.  It was to assess "not the current care and custody of the appellant, but...the appropriateness of the detention facility as of the time of the initial disposition hearing."  <u>Id</u>. at 14.  In other words, after a good look at the facility chosen by the Bureau of Prisons, would the district court reaffirm or alter its disposition?

In a subsequent evidentiary hearing before the district court, government witnesses included officials of the Cresson Secure Treatment Unit in Cresson, Pennsylvania (the detention facility in question), the director of Pennsylvania's Bureau of State Children and Youth Programs, and an executive of the federal Bureau of Prisons, Juvenile Services department.  Appellant's witnesses were his mother and a psychiatrist, Dr. Keith Courtney.

The court, in an Amended Disposition Order, reported that the Cresson Secure Treatment Unit was distanced by 550 miles from

Patrick's home and has a capacity of fifty-two residents, of whom only Patrick and one other were presently non-residents of Pennsylvania. The average stay is 10.2 months. The facility, staffed by state certified faculty and following a curriculum complying with state standards, provides a basic education program that consists in part of standard subjects such as mathematics, language arts, and social studies, and selected other subjects such as Life Skills, Parenting, and Anger Management. For students who have completed the high school curriculum, College Level Examination Program courses are offered, and students pursuing these score in the eighty-fifth percentile. Mental health services of a psychologist and a psychiatrist are made available four hours a week. Family sessions take place in person or by telephone, the aim being for one session a week.

Prior to the court's initial disposition, Dr. Courtney interviewed Patrick and, on his impression of Cresson's programs, arrived at his conclusion that Cresson was not a good match with Patrick's needs. The shorter time span of its treatment cycle, its focus on students with learning difficulties, and his disagreement with several aspects of its programming, including family therapy and drug abuse prevention, were his reasons. His testimony at the hearing on remand was necessarily limited to Patrick's needs as of the date of the initial hearing.

Dr. Courtney also submitted a detailed, thirty page "Psychiatric Evaluation," which was accepted into evidence, containing recommendations for more intensive drug counseling, association with "positive peers," more attention to social skills, strengthening empathy, more intensive family "face to face" therapy, and use of Multisystem Therapy and Family Focus Therapy. Twelve possible forms of mental disorders were briefly discussed.

This report obviously sought to prescribe the optimum, if not the ideal, approach to dealing with Patrick's problems. It also was based on recent interviews with Patrick and his parents, and a visit to Cresson. To the extent that it discerns any current inadequacy of the therapy and rehabilitation offered, it trenches farther than the limited scope of the district court's legitimate power at this stage of proceedings - the obtaining of information relevant to the court's determination of commitment and length of detention.

Nevertheless, the report is significantly corroborated by the affidavit of a government witness, James C. Johns, Director of the Pennsylvania Bureau of State Children and Youth Programs in the Department of Public Welfare. The Department, he averred, believed that Patrick's placement at Cresson was "not optimal to ensure his effective rehabilitation." The typical shorter time span of its system and the distance from the juvenile's home, limiting parental

involvement, family counseling, strong judicial oversight, and regular case reviews were cited as reasons.

The court, while recognizing the criticisms levied, concluded that the evidence did not indicate that the Cresson facility could not provide the statutorily required "adequate food, heat, light, sanitary facilities, bedding, clothing, recreation, counseling, education, training, and medical care including necessary psychiatric, psychological, or other care and treatment." See 18 U.S.C. § 5039. It noted that any educational program offered by a detention facility would necessarily differ from opportunities at a public or private high school. And it recognized that distance did make family therapy more difficult, but not insuperable with telephone or video conferencing.

As a result of its review of the supplemented record, the court, noting the shorter stays typical at the Cresson facility, and trying to balance the need for rehabilitation with protection of the public, reduced the period of detention ordered from thirty to twenty-four months. We see no abuse of discretion on this record. We think that this kind of judgment is entirely appropriate for a judge in a juvenile matter under these circumstances. We also echo the district court's awareness of the exclusive authority given the Attorney General in the placement of juveniles committed to his custody.

Perhaps of more importance is the court's recommendation that "the remainder of Patrick's term of detention be served in an institution located closer to his home in Maine, if possible." What lends force to this recommendation is that on this record, there is no dispute. Not only Dr. Courtney but also Mr. Johns, speaking for the Pennsylvania Department of Public Welfare, have advanced their reasons for a more appropriate placement. And we note that no opposing memorandum or comment has been submitted by the government. We lend our own hope to this recommendation.

Affirmed.